## ST. PAUL FIRE & MARINE INSURANCE COMPANY

v.

**ELLIS & ELLIS; James N. Ellis, Jr.; Debra M. Kagan; Robert J. Marquis; Richard D. Surrette; William F. Russell; Joan Trottier; Anthony Ranauro; David Formoso, a/k/a Denis Milan; John Doe and Jane Doe.**

### Civil Action No. 95–10190–GAO.

United States District Court, D. Massachusetts.

Dec. 12, 1996.

James H. Heller, Cozen & O'Connor, Philadelphia, PA, Anthony R. Zelle, Zelle & Larson, Waltham, MA, for St. Paul Fire & Marine Insurance Co.

Michael P. Angelini, William F. Ryan, Anthony D. Pellegrini, Bowditch & Dewey, Worcester, MA, for Ellis & Ellis, James N. Ellis, Jr.

Thomas M. Neville, Segalini & Neville, Waltham, MA, for Debra M. Kagan, Robert J. Marquis, Richard D. Surrette, William F. Russell, Joan Trottier, Anthony Ranauro.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

■ The plaintiff St. Paul Fire & Marine Insurance Company, ("St. Paul") has moved, for the second time, for the entry of a preliminary injunction to restrain the defendants James N. Ellis, Jr. and Ellis & Ellis from disposing of assets so as to impair St. Paul's ability to satisfy a judgment that may enter in its favor in this case. The standard against which such requests must be measured is familiar. The court must evaluate four factors: (1) the plaintiff's reasonable likelihood of success on the merits of its claim; (2) the potential that the plaintiff will suffer irreparable harm if the injunction is not granted; (3) whether the defendant will suffer greater harm from the grant of the injunction; and (4) how the injunction would serve (or disserve) the public interest. *See Weaver v. Henderson,* 984 F.2d 11, 12 (1st Cir.1993); *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir.1991); *Planned Parenthood League of Mass. v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981).

On July 2, 1996, I denied a similar request by St. Paul, noting that although the plaintiff has shown that it has a plausible case, the factual information presented was not strong enough to persuade me that the plaintiff had a *likelihood* of success on the merits.

■ That has now changed. After the denial of the first request for a preliminary injunction, St. Paul deposed James Ellis, and two volumes of his deposition testimony were provided to me by counsel. Having reviewed Ellis' testimony, I conclude that St. Paul has a reasonable likelihood of prevailing on its claim that Ellis and the firm of which he is a partner are liable to it for payments made by St. Paul as a result of the defendants' deceptive and likely fraudulent failure to provide information actually known to them that was material to St. Paul's payment of workers' compensation benefits to a client of the defendants.

The following facts, taken from Ellis' deposition testimony, are sufficient to show the plaintiff's likelihood of success: In 1989, the defendants began representing "Denis Milan" with respect to a claim relating to a back injury that he allegedly suffered while working at Victory Button Company on March 25, 1989. The claim was made to CIGNA Insurance Company. In late 1989 or early 1990, the defendants began representing "David Formoso" with respect to a claim relating to a back injury he allegedly suffered while working at the Westford Regency Hotel on November 17, 1989. The claim was made to St. Paul. In March, 1990, Ellis learned that "Milan" and "Formoso" were the same person, working under different social security numbers. He also learned that "Formoso" had told the doctors treating him, in substance, that prior to the November injury he had never had any prior injury to his back. Ellis learned specifically that "Formoso" had not told examining physicians about the back injury that, as "Milan," he claimed to have suffered eight months earlier and for which he was, as "Milan," claiming benefits. Ellis forwarded medical reports to St. Paul for the purpose of obtaining benefits for "Formoso" that he knew were inaccurate and incomplete because "Formoso" had not told the doctors the truth.[1]

There is no need to detail the evidence further at this point, nor to address the evidence that Ellis would argue justifies his actions. I conclude that St. Paul has shown a reasonable likelihood of prevailing on its claims of fraud and unfair or deceptive acts or practices. Having done that, it has surmounted the highest hurdle to obtaining preliminary injunctive relief. *See Weaver,* 984 F.2d at 12.

St. Paul is entitled to reasonable security that its claim will not be made worthless, despite its merit, because prior to the conclusion of the case the defendants' assets should be dissipated. Should that occur, it would be the kind of harm that is irreparable. On the other hand, a freeze on an appropriate

---

1. For example, in Vol. 1, page 128, of the deposition the following question and answer are recorded:

"Q. And you knew that information was false at the time you sent it to St. Paul?

A. I knew that the information as contained in the report of the doctor would not be consistent with my knowledge of what the true facts were."

amount of assets of the defendants would not impose any great or substantial harm on them; it would serve only to preserve the status quo. It will also serve the public interest, given the issues involved, to take reasonable steps to secure the payment of a prospective judgment by the defendants in this case.

Accordingly, the plaintiff's motion for a preliminary injunction is GRANTED, and the defendants James N. Ellis, Jr. and Ellis & Ellis are restrained and enjoined from selling, assigning, transferring, concealing, impairing or otherwise disposing of any of their assets, property, causes of action, securities, real estate, personal property and any other form of asset in which they individually and/or collectively have a legal, equitable, financial and/or pecuniary interest, except in the ordinary course of business, until further order of the court.

SO ORDERED.